# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Joel Shapel Magnuson,**<br>Petitioner<br>-vs-<br>**John Ontiveros, et al.,**<br>Respondents | CV-06-3045-PHX-ROS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Motion for Immediate Release (#27) on March 19, 2007, and a Motion for Release (#36) on July 26, 2007. These motions seek preliminary relief, and accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

**Pleadings** - Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 20, 2006 (#1). Petitioner challenges his Maricopa County Superior Court conviction after guilty plea and 7 year sentence for Aggravated Assault. The conviction arose out of an incident at the Arizona State Hospital where Petitioner restrained a nurse and threatened to stab her in the eye. Petitioner raises five grounds for relief including: (1) due process violation by use at sentencing of a prior guilty-except-insane conviction; (2) due process violation by use of privileged medical information; (3) ineffective assistance of

- 1 -

counsel for failure to challenge grounds 1 and 2; (4) Fifth Amendment violation by use of privileged medical information; and (5) due process violation by forced medication and medical examination after the crime, and use of information against him.

On March 16, 2007, Respondents filed their Answer (#26), reserving a defense on the basis of the statute of limitations in light of a then still pending motion for rehearing on the trial court's denial of Petitioner's PCR petition. Respondents also noted that, in light of the then still on-going state proceedings, Petitioner's claims were unexhausted. Nonetheless, Respondents argued that the Petition should be denied on its merits.

On March 27, 2007, Petitioner filed his Traverse (#28), arguing the merits of his claims.

**Supplementation** - On May 7, 2007, the Court entered an Order (#29), noting that the claims were not merely unexhausted, but that the Petition appeared to be premature in light of the still pending state proceedings. Accordingly, the Court directed Respondents to report on the then current status of the state proceedings. On May 31, 2007, Respondents filed a Status Report (#33), reporting that on May 17, 2007 the trial court had denied the motion for rehearing on the denial of the PCR petition. Respondents noted that Petitioner had 30 days to seek review of that order.

On July 5, 2007, the Court directed (#35) Petitioner to report on the status of his PCR proceedings, in particular whether a petition for review had been filed. On July 26, 2007 Petitioner filed his second motion for release (#36), which argues that he could not seek timely review by the Arizona Court of Appeals because he did not receive timely notice of the denial of his motion for rehearing, and because he had been in seclusion, unable to write, from May 23, 2007 until July 24, 2007.

**First Motion for Release** - Petitioner's first Motion for Immediate Release (#27) notes his obligation to show that "this is an extraordinary case involving special circumstances or a high probability of success." Petitioner then argues that his mental illness and previous crimes have been resolved on the basis that he was "guilty except insane" and thus not criminally responsible. Petitioner argues that counsel should have pursued the same

1 strategy in this case, rather than simply trying to mitigate his sentence. Petitioner goes on
2 to argue the merits of the claims in his Petition attacking the various perceived errors and
3 ineffective assistance at trial, and asserting that he his mental illness has been made a crime.

**Second Motion for Release** - Petitioner's second Motion for Release, filed July 26, 2007 (#36) does not explicitly argue special circumstances, but does argue that Petitioner's 15 year old daughter had been kidnaped and raped by police in May, 2007, and that his doctors refused to call and check on her. Petitioner also argues that on July 8, 2007 he was poisoned with mercury, giving him only 6 to 9 months to live. As a result, Petitioner asks that the Court appoint counsel and order them to assist him in committing suicide.

Respondents have not responded to either motion for release. Respondents had previously responded (#19) to an earlier motion for release (#13) which was stricken. (*See* Order 3/12/7, #23.) In that response, Respondents argued that it remained an open question whether orders for release were authorized, citing *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). Nonetheless, Respondents argued that Petitioner had failed to meet the standard of showing special circumstances or a high probability of success.

### III. APPLICATION OF LAW TO FACTS

**Release Only for Extraordinary Cases.** Federal Rules of Appellate Procedure Rule 23 governs the release of a prisoner collaterally attacking a conviction through a habeas petition. *See United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (federal sentence); and *Marino v. Vasquez,* 812 F.2d 499, 507 (9th Cir. 1987) (state court sentence). *But see In re Roe,* 257 F.3d 1077, 1080 (9th Cir. 2001) (noting divergence among circuits and declining to resolve whether release may be granted pending a decision by the district court on a habeas petition). In connection with a habeas corpus petition, "this court has reserved bail for 'extraordinary cases involving special circumstances or a high probability of success.'" *Mett*, 41 F.3d at 1282 (quoting, in part, *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989)).

"Special circumstances" have been found to include such things as: (1) "a serious deterioration of health while incarcerated, and unusual delay in the appeal process", *Salerno*

*v. United States*, 878 F.2d 317 (9th Cir. 1987); and (2) situations where "the sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence", *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992).

Assuming *arguendo* that this Court has the authority to release Petitioner pending a decision on his habeas petition, that authority cannot be exercised in this case.

**No Special Circumstances.** In this matter, Petitioner does not cite a serious deterioration of health. From his filings in this case, it appears that Petitioner continues a pattern of variable mental health. However, that variability does not appear to be coupled with a sustained decline in condition, nor with any physical health concerns. Neither is there an obvious risk that Petitioner's sentence will expire before his petition could be granted. He received a sentence of 7 years from April 11, 2003, with presentence credit of 420 days. (Answer, #26 at Exhibit S, Sentence at .)   Nor does Petitioner identify any other equally weighty special circumstances making Petitioner's situation an extraordinary case justifying release.

**No High Probability of Success.** Finally, there is not a high probability of success by Petitioner on the Petition. Although the Court has not ruled in this matter, the Respondents' Answer does raise a variety of procedural and substantive bars to granting of Petitioner's Petition, including a failure to exhaust, which may have ripened into procedural default as a result of Petitioner's failure to seek any review by the Arizona Court of Appeals..

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Motion for Immediate Release, filed March 19, 2007  (#27) be **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Release, filed July 26, 2007 (#36) be **DENIED**.

**V. EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: March 4, 2008

S:\Drafts\OutBox\06-3045-027r RR 08 02 29 re MRelease MRelease.wpd

_____
JAY R. IRWIN
United States Magistrate Judge